# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| Public Warehousing Company, K.S.C. ) | ASBCA No. 59020 |
| ) | |
| Under Contract Nos. SPO300-03-D-3061 ) | |
| SPM300-05-D-3119 ) | |
| SPM300-05-D-3128 ) | |

APPEARANCES FOR THE APPELLANT:     Michael R. Charness, Esq.
                                   Jamie F. Tabb, Esq.
                                   Ralph C. Mayrell, Esq.
                                     Vinson & Elkins LLP
                                     Washington, DC

APPEARANCES FOR THE GOVERNMENT:    Daniel K. Poling, Esq.
                                     DLA Chief Trial Attorney
                                   John F. Basiak Jr., Esq.
                                   Keith J. Feigenbaum, Esq.
                                   Kari L. Scheck, Esq.
                                   Steven Herrera, Esq.
                                     Trial Attorneys
                                     DLA Troop Support
                                     Philadelphia, PA

## OPINION BY ADMINISTRATIVE JUDGE O'CONNELL ON APPELLANT'S REQUEST TO LIFT STAY OF THIS APPEAL AS TO ITS CLAIMS AND TO CERTIFY THE BOARD'S 12 JANUARY 2017 ORDER FOR APPEAL

Appellant, Public Warehousing Company, K.S.C. (PWC) moves to lift the stay with respect to its affirmative claims and to certify the Board's 12 January 2017 order for appeal. The government opposes.

We recently addressed all of PWC's contentions in *Public Warehousing Company, K.S.C.*, ASBCA No. 57510, 2017 WL 1277009 (21 March 2017) (No. 57510), and *Public Warehousing Company, K.S.C.*, ASBCA No. 58088, 17-1 BCA ¶ 36,689 (No. 58088). Our reasoning is set forth in those opinions and we will not repeat it at length. With respect to PWC's request that we allow its affirmative claims to proceed (but continue the stay for the government's affirmative defenses), we held in No. 57510 that this was not an appropriate way to proceed due to the difficulty in preventing discovery from delving into subjects involved in the criminal case pending against PWC in the U.S. District Court for the Northern District of Georgia. Nor did we view a hearing in which we could

not consider the government's affirmative defenses to be an efficient use of our resources.

With respect to certifying our 12 January 2017 order for appeal to the Court of Appeals for the Federal Circuit, we explained at length in No. 58088 that we do not possess authority to certify interlocutory decisions for appeal. PWC faults us, however, for not addressing the opinion of the Court of Appeals for the Federal Circuit in *AAA Engineering & Drafting, Inc. v. Widnall*, 129 F.3d 602 (Fed. Cir. 1997).

In *AAA Engineering*, the Federal Circuit addressed whether a Board decision that decided entitlement but remanded to the parties to negotiate quantum was appealable. The court of appeals held that our opinion was not final and therefore not appealable. The court of appeals also contrasted this result with another opinion in which it had determined that our decision was sufficiently final to appeal because we had granted summary judgment to the government on a sovereign acts defense, an issue that the court found to be separate and distinct from the issues remaining before the Board. *Id.* at 604-05 (citing *Orlando Helicopter Airways, Inc. v. Widnall*, 51 F.3d 258 (Fed. Cir. 1995)). Because our decision to stay this appeal for one year could not be deemed a final decision by any stretch of the imagination, neither *AAA Engineering* nor *Orlando Helicopter* provides any help to PWC.

Nevertheless, PWC finds support in *AAA Engineering* in a footnote in which the Federal Circuit distinguished that case from classes of cases in which Congress had created a waiver to the finality rule, citing 28 U.S.C. § 1292(a)(1) (injunctions), § 1292(b) (certified appeals), and § 1292(c) (patent infringement cases). *AAA Engineering*, 129 F.3d at 605 n.*. None of these statutes apply to the Board, however, and in the text leading up to the footnote, the court of appeals emphasized "the historic requirement for finality, expressly imposed by Congress" that applied to the Board. The court declined to rule that this requirement was subject to individual exception and waiver. Accordingly, we find no support in this footnote for PWC's position.

CONCLUSION

PWC's motion is denied.

Dated: 2 May 2017

MICHAEL N. O'CONNELL
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

2

I concur                                    I concur


_____            _____
MARK N. STEMPLER                            RICHARD SHACKLEFORD
Administrative Judge                        Administrative Judge
Acting Chairman                             Vice Chairman
Armed Services Board                        Armed Services Board
of Contract Appeals                         of Contract Appeals


        I certify that the foregoing is a true copy of the Opinion and Decision of the
Armed Services Board of Contract Appeals in ASBCA No. 59020, Appeal of Public
Warehousing Company, K.S.C., rendered in conformance with the Board's Charter.

        Dated:


                                            _____
                                            JEFFREY D. GARDIN
                                            Recorder, Armed Services
                                            Board of Contract Appeals

3